**In re Thomas M. LOVELL, Debtor.**

**Bankruptcy No. 82–04166G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 26, 1984.

James G. Buckler, Collingdale, Pa., for debtor, Thomas M. Lovell.

Owens, Whiteman & Bankes, Philadelphia, Pa., for Chrysler Credit Corp.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The matter in dispute is whether the issuance of a certificate of title for a van by the Pennsylvania Department of Motor Vehicles ("the DMV") without a notation of an encumbrance constitutes a failure to perfect the security interest although the creditor fully complied with the filing requirements of the Motor Vehicle Code. The issue arises through the debtor's objection to a secured creditor's proof of claim. For the reasons stated herein we find that the encumbrance is properly perfected and we will overrule the objection.

The facts of this case are as follows:[1] Thomas M. Lovell ("the debtor") purchased on credit a van from Hillcrest Chrysler Plymouth, Inc. ("Hillcrest"). On the same day, Hillcrest assigned the debt and the security interest to Chrysler Credit Corporation ("Chrysler Credit"). Shortly thereafter Hillcrest applied to the DMV for the recordation of a security interest in the vehicle in favor of Chrysler Credit. In response, the DMV sent to Chrysler Credit an attestation reiterating all pertinent information contained in the application and stating that the department's files listed the encumbrance of Chrysler Credit against the debtor. Although it is not clear from the record, apparently the DMV properly filed, recorded and indexed the security interest. In error, the DMV issued a certificate of title to the debtor which did not indicate that Chrysler Credit was a lienholder. The debtor filed for the adjustment of his debts under chapter 13 of the Bankruptcy Code ("the Code") on September 3, 1982. After the filing, Chrysler Credit obtained from the DMV a "duplicate" certificate of title which bore a notation of its security interest.

Although the Pennsylvania Uniform Commercial Code ("the UCC") generally governs the creation and perfection of security interests in personalty in this state, 13 Pa.Cons.Stat. § 9302(c)(2) provides that the filing provisions of that statute do not apply to motor vehicles, excluding exceptions not pertinent here. As stated in 75 Pa.Cons.Stat. § 1132(b), perfection of a security interest in a consumer vehicle is generally perfected as follows:

(b) Method of perfection.—A security interest is perfected by notation thereof by the department on the certificate of title for the vehicle. In order to obtain such notation the lienholder shall deliver to the department the existing certificate of title, if any; an application for a cer-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

tificate of title upon a form prescribed by the department containing the name and address of the lienholder; and any other information regarding the security interest as may be reasonably required and the required fee.

Although numerous cases hold that a security interest in a motor vehicle is not perfected unless a notation of that interest appears on the certificate of title, these cases are inapposite since they arise where the creditor failed to file his security interest with the DMV. The parties have cited no Pennsylvania cases squarely dealing with the issue at bench.

But in the case of *In re Royal Electrotype Corporation,* 485 F.2d 394 (CCA 3rd, 1973) creditors caused to be filed a financing statement with the appropriate state and county which the state officials improperly indexed. Notwithstanding this error, Judge Aldisert ruled that:

> Under prior law a question sometimes has arisen as to the effect of mistake by the filing officer, such as an error in the index. Is the filing nevertheless effective to protect the secured party, even though one who searched the records was misled; or should the Court say that the mistake prevented both constructive as well as actual notice, even though the secured party and the misled creditor were equally innocent?
>
> The rule stated by Section 9–403(1) is that filing is complete and effective for all purposes of Article 9 when the financing statement has been accepted by the filing officer or when it is presented for filing accompanied by a tender of the fee. From either point on, the secured party is protected.

Although the Pennsylvania Motor Vehicle Code is less explicit than the UCC in defining the filing of a security interest, we hold that when a lienholder complies with all of the duties imposed on *him* by § 1132(b), filing is complete and the security interest is perfected. *Cf. In Re Royal Electrotype, supra.* The proper recordation of the encumbrance at the DMV provides *constructive* notice to the world of the existence of the lien. The notation of the encumbrance on the certificate of title is merely the execution of a ministerial act which typically serves to provide parties with *actual* notice of the encumbrance. Although those participating in the transfer of title of a motor vehicle in this state often do not look beyond the face of the certificate of title in ascertaining the encumbrances on the vehicle, in cases such as this a review of the files at the DMV would reveal further information. Consequently, this result is less surprising than that of *In Re Royal Electrotype Corp.* in which a review of the UCC files would not have uncovered the existence of the encumbrance since the debtor's name was improperly indexed.

Since *Chrysler Credit's* security interest is properly perfected, we will overrule the debtor's objection to its proof of claim.